NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-3143
_____

MARIA BROADNAX,
                    Appellant

v.

SECRETARY UNITED STATES DEPARTMENT OF VETERANS AFFAIRS

_____

On Appeal from the United States District Court
for the District of New Jersey
(District Court No. 3:18-cv-02393)
District Judge: Honorable Brian R. Martinotti
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
On April 22, 2021
_____

Before: AMBRO and RESTREPO, *Circuit Judges*, and NOREIKA, *District Judge**

(Filed: June 15, 2021)

_____

OPINION[**]

_____

RESTREPO, *Circuit Judge*.

Appellant Maria Broadnax challenges the District Court's grant of summary judgment terminating her employment discrimination action against Appellee Department of Veterans Affairs (the "VA"). In granting summary judgment against Broadnax, the District Court determined that a number of Broadnax's claims were time-barred, and that the remaining claims failed as a matter of law. We will affirm the District Court's ruling. To the extent Broadnax raises a new disparate impact claim for the first time on appeal, it is waived.

## I. BACKGROUND

As we write primarily for the benefit of the parties, we will briefly recite the relevant facts here. Broadnax was first hired by the VA in their Lyons, New Jersey facility as a wage-grade 1, part-time Food Service Worker in 2013. The following year, she was promoted to a wage-grade 2 Food Service Worker, still on a part-time basis. Broadnax maintained this position until 2018, when she successfully applied for a full-time Medical Support Assistant position at the same facility. In July 2014, Broadnax injured her back in a

_____

[*] Honorable Maryellen Noreika, District Judge, United States District Court for the District of Delaware, sitting by designation.

[**] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

work accident, and the VA Occupational Health Office recommended that she be placed on temporary, and then permanent, light duty to accommodate her injuries. In accordance with the recommendation, Broadnax was not to engage in activity that would involve lifting, carrying, pulling, or pushing over 25 lbs.

In the period between her July 2014 accident and her hiring as a Medical Support Assistant in 2018, Broadnax unsuccessfully applied for several positions at Lyons. At the beginning of 2015, she applied for a Cook position, which listed the lifting and moving of objects of at least 40 pounds as one of its requirements, and was not hired. In March 2015, Broadnax purportedly applied for a Housekeeping Aide position and was not selected.[1] In July 2015, she applied for a Nursing Assistant position and was initially given a conditional offer. After Broadnax's completion of a physical examination during the pre-hiring process, however, the VA determined that she could not safely work in the position and chose not to select her. Toward the end of 2015, Broadnax applied for three separate Food Service Worker openings and was not selected for any of them. Around this time she also applied to be converted from a part-time to full-time Food Service Worker at her same position, but was not selected.

Broadnax additionally applied for a wage-grade 4, part-time Food Service Worker position in late 2015, and learned of her non-selection on February 5, 2016. This position also involved the maneuvering of objects in excess of 40 pounds. Broadnax was informed of her non-selection for a separate full-time Food Service Worker position on March 4,

---

[1] The VA did not have a record of the application, but Broadnax produced an email acknowledging her application for the position.

2016, a position which also had the same heavy lifting requirements. Broadnax contends that her failure to be hired for any of these roles was a result of disability discrimination.

In addition to the claims of discrimination with respect to the non-selections, Broadnax alleges that she was subject to a hostile work environment due to her disability. One of her supervisors, Charlotte Smith, allegedly asked her "When are you going to get off light duty? Don't you want to move up?" In late 2015, Smith also purportedly told staff that she "was moving them up, but not moving up any handicapped employees" at the moment. Last, Broadnax alleges that on March 4, 2016 – the same day she was informed of her non-selection for a full-time Food Service Worker position – Smith told Broadnax that she would not be promoted to full-time status until Broadnax got off of light duty.

Broadnax filed six claims for the non-selections with the Equal Employment Opportunity ("EEO") counselor at the VA on March 14, 2016. She also complained about the hostile work environment during the EEO process. The VA EEO investigated Broadnax's claims and referred them for consideration to the VA Office of Employment Discrimination, and they were denied in a December 8, 2017, decision. Broadnax brought a civil action in the District Court of New Jersey on February 20, 2018, renewing her discrimination claims under the Rehabilitation Act, 29 U.S.C. § 701 *et seq.*, regarding her non-selections; a hostile work environment claim; and a retaliation claim. Broadnax also now raises for the first time on appeal a disparate impact claim against the VA. We will discuss each group of claims in turn.

4

## II. DISCUSSION[2]

The District Court denied all but two of the latest non-selection claims for lack of timeliness. Before pursuing employment discrimination claims in federal court, a federal employee must first exhaust all administrative remedies. 42 U.S.C. § 2000e-16(c). In order to satisfy this exhaustion requirement, a federal employee must: (1) contact the agency's EEO counselor within 45 days of the alleged discriminatory action; (2) file a formal complaint with the EEOC within 15 days of the conclusion of the informal counseling process, if unsuccessful; and (3) appeal the agency's final decision to the EEOC or file a civil action in federal district court within ninety days of the agency's decision. 29 C.F.R. §§ 1614.105–1614.109, 1614.401, 1614.407(a).

Broadnax first contacted the EEO on March 4, 2016, and accordingly she was barred from raising claims based on actions that took place prior to January 19, 2016, 45 days before March 4. Recognizing this difficulty, Broadnax requests that we apply equitable tolling to allow her to bring the earlier claims. "The doctrine of equitable tolling stops a statute of limitations period from running after a claim has accrued, but should be applied sparingly." *Podobnik v. U.S. Postal Serv.*, 409 F.3d 584, 591 (3d Cir. 2005) (internal citation and quotation omitted). "Appellant bears the burden of proving that the equitable

---

[2] The District Court had jurisdiction under 28 U.S.C. § 1332. We have jurisdiction under 28 U.S.C. § 1291. We review *de novo* the District Court's grant of summary judgment. *Goldenstein v. Repossessors Inc.*, 815 F.3d 142, 146 (3d Cir. 2016). "Viewing the evidence in the light most favorable to the nonmovant, summary judgment is appropriate only if there is 'no genuine issue as to any material fact [such] that the moving party is entitled to judgment as a matter of law.'" *Kelly v. Borough of Carlisle*, 622 F.3d 248, 253 (3d Cir. 2010) (quoting Fed. R. Civ. P. 56(c)).

tolling doctrine applies here." *Id*. (citing *Courtney v. La Salle Univ.,* 124 F.3d 499, 505 (3d Cir. 1997)). "[T]here are three principal, though not exclusive, situations in which equitable tolling may be appropriate: (1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting ... her rights; or (3) where the plaintiff has timely asserted ... her rights mistakenly in the wrong forum." *D.J.S.-W. by Stewart v. United States*, 962 F.3d 745, 750 (3d Cir. 2020) (citation and quotation omitted).

None of these circumstances apply here. Broadnax argues that the VA has actively discriminated against employees with disabilities for upwards of thirty years, justifying the grant of equitable tolling, but provides almost no support whatsoever for this proposition.[3] Accordingly, we find that the claims arising out of non-selections prior to January 19, 2016 are time-barred.

As for the remaining two non-selections at issue, the District Court correctly determined that Broadnax was not qualified. "In order for an employee to make out a prima facie case of discrimination under the Rehabilitation Act, the employee bears the burden of demonstrating (1) that he or she has a disability, (2) that he or she is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and (3) that he or she was nonetheless terminated or otherwise prevented from performing the job." *Shiring v. Runyon*, 90 F.3d 827, 831 (3d Cir. 1996). The VA

---

[3] Broadnax cites the deposition testimony of her supervisor, Michelle Ore, who stated that she was not aware of an instance of the Food Department promoting anyone who was part-time with a work restriction to full-time within a 30-year period.

has conceded that Broadnax satisfies prong (1) and (3) of the test, and so the analysis turns on whether Broadnax was "otherwise qualified to perform the essential functions" of either position:

> A two-part test is used to determine whether someone is a qualified individual with a disability. First, a court must consider whether the individual satisfies the prerequisites for the position, such as possessing the appropriate educational background, employment experience, skills, licenses, etc. Second, the court must consider whether or not the individual can perform the essential functions of the position held or desired, with or without reasonable accommodation.

*Gaul v. Lucent Techs., Inc.*, 134 F.3d 576, 580 (3d Cir. 1998) (internal citations and quotations omitted).

Both the February 5 and March 4 non-selections concerned Food Service Worker positions that required employees to move objects in excess of 40 pounds, and Broadnax did not provide any evidence in the record suggesting that she would be able to physically perform such duties with or without accommodation. The District Court was correct to conclude that her discrimination claims based on these non-selections failed as a matter of law.

Broadnax's hostile workplace claim fares no better. In order to make out a claim, Broadnax must show that: (1) she is a qualified individual with a disability under the ADA; (2) she was subject to unwelcome harassment; (3) the harassment was based on her disability or a request for an accommodation; (4) the harassment was sufficiently severe or pervasive to alter the conditions of her employment and to create an abusive working environment; and (5) that the VA knew or should have known of the harassment and failed to take prompt effective remedial action. *Walton v. Mental Health Ass'n. of Se.*

7

*Pennsylvania*, 168 F.3d 661, 667 (3d Cir. 1999).[4]  To determine whether the alleged harassment was sufficiently severe or pervasive to alter the conditions of employment, we look "at all the circumstances," including "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993).  The environment must be both perceived to be hostile by the plaintiff and shown to be objectively hostile. *Id*. at 22.

To support this claim, Broadnax again attempts to rely upon the unsupported proposition that the VA has engaged in a thirty-year campaign of disability discrimination. Broadnax also points to the alleged statements made by supervisor Smith, along with alleged joking remarks by her colleagues regarding her light-duty status, as creating a hostile work environment.  The District Court correctly determined that, under the totality of the circumstances, these remarks were insufficient to constitute harassment sufficiently severe or pervasive to alter the conditions of employment.

Broadnax also raises a retaliation claim.  To succeed, she must show that she engaged in "(1) protected employee activity; (2) adverse action by the employer either after or contemporaneous with the employee's protected activity; and (3) a causal connection between the employee's protected activity and the employer's adverse action." *Marra v.*

---

[4] We have previously held that "[w]hether suit is filed under the Rehabilitation Act or under the Disabilities Act, the substantive standards for determining liability are the same." *McDonald v. Com. of Pa., Dep't of Pub. Welfare, Polk Ctr.*, 62 F.3d 92, 95 (3d Cir. 1995).

*Philadelphia Hous. Auth.*, 497 F.3d 286, 300 (3d Cir. 2007), *as amended* (Aug. 28, 2007). The record does not support any inference that Broadnax suffered an adverse action as a result of initiating the EEO complaint process. She argues that the VA's approval of her application in 2018 to become a full-time employee as a Medical Support Assistant was retaliatory, because the hourly wage of the position was less than that of her prior Food Service position. But, without more, it is difficult to understand how being successfully selected for a position that she voluntarily applied for would constitute an adverse action.

Finally, Broadnax's disparate impact claim is waived, as she failed to raise it in the District Court. "We generally refuse to consider issues on appeal that were not raised in the lower courts." *Matter of Am. Biomaterials Corp.*, 954 F.2d 919, 927 (3d Cir. 1992). "This general rule applies with added force where the timely raising of the issue would have permitted the parties to develop a factual record." *Id.* at 927-28.

\*     \*     \*     \*     \*

For the foregoing reasons, we will affirm the District Court's order.